## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WILLIAM BYER *et al.*,

    Plaintiffs,

v.                                                                                   Civ. No. 19-877 RB/KK

NATIONWIDE INSURANCE COMPANY
OF AMERICA *et al.*,

    Defendants.

### ORDER STAYING DISCOVERY

THIS MATTER is before the Court on Defendant Nationwide Insurance Company of America's Motion to Stay Discovery Pending Appraisal (Doc. 48), filed May 8, 2020. The Court, having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, FINDS that Defendant's motion is well-taken and should be GRANTED as further set forth herein.

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, No. CV 12-526 MV/GBW, 2013 WL 12304061, at *1 (D.N.M. Jul. 11, 2013) (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)). "Whether to issue a stay of discovery depends greatly on the facts and progress of each case. In rendering a decision to stay proceedings, a court must exercise judgment and weigh competing interests." *Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (citations, quotation marks, and brackets omitted). In weighing competing interests, courts have considered a number of factors, including: (1) the non-moving party's interests in proceeding expeditiously with the

litigation and the potential prejudice a delay would cause; (2) the hardship to the moving party if a stay is not granted; (3) the Court's convenience; (4) the interests of persons not parties to the litigation; and (5) the public interest. *Id.*; *United States v. High Plains Livestock, LLC*, No. CV 15-680 MCA/WPL, 2016 WL 10591976, at *1 (D.N.M. Feb. 16, 2016); *Triple D Supply, LLC v. Pilot Corp.*, No. CV 13-655 GBW/WPL, 2013 WL 9981487, at *2 (D.N.M. Nov. 18, 2013); *New Mexico Oncology & Hematology Consultants, Ltd.*, 2013 WL 12304061 at *1. "Ultimately, the decision to issue a stay of discovery is within the broad discretion of the district court." *Mestas*, 2019 WL 5549913 at *1.

After careful consideration of each of the factors listed above, the Court in its discretion concludes that discovery in this matter should be stayed for 60 days, to allow for the completion of the appraisal required by the Stipulated Order Granting Motion to Compel Appraisal (Doc. 50) entered in this case on May 11, 2020. In balancing the respective interests of the parties, the Court, other persons, and the public, the Court has considered, *inter alia*, the need for the appraisal to be completed before depositions are taken, the brief period of time within which the appraisal must be completed and the consequent brevity of the requested stay, and the fact that some depositions cannot presently be conducted in any event due to the COVID-19 pandemic. The Court further notes that the results of the appraisal will be centrally relevant to the resolution of most of Plaintiffs' claims, and Plaintiffs have not identified any discovery that they need, wish, or intend to take within the next 60 days.

The discovery stay will lift automatically 60 days after entry of this Order unless a motion demonstrating good cause for its continuation is filed before the stay expires. Also, case management deadlines that have not yet expired will be extended by 60 days.

IT IS THEREFORE ORDERED that Defendant Nationwide Insurance Company of America's Motion to Stay Discovery Pending Appraisal (Doc. 48) is GRANTED. Discovery in this matter is hereby STAYED until **Tuesday, July 21, 2020.** By operation of this Order, the discovery stay will LIFT and discovery will resume on **Wednesday, July 22, 2020**, unless the stay is extended by further Order of the Court.

IT IS FURTHER ORDERED that case management deadlines in this matter are RESET as follows:

1. Defendants' expert disclosures are due by **Friday, September 4, 2020**;

2. Discovery is due by **Tuesday, November 3, 2020**;

3. Discovery motions are due by **Monday, November 23, 2020**;

4. Pretrial motions are due by **Monday, December 7, 2020**; and,

5. A Proposed Pretrial Order is due from Plaintiffs to Defendants by **Wednesday, February 3, 2021**, and from Defendants to the Court by **Wednesday, February 17, 2021**.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE